**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Wayne MARSHALL, Defendant-Appellant.**

**No. 74-1447**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1974.

Dan Abbott, Abilene, Tex. (Court-appointed), for defendant-appellant.

Frank D. McCown, U. S. Atty., Conrad L. Florence, W. E. Smith, Asst. U. S. Attys., Fort Worth, Tex., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellant John Wayne Marshall was convicted after a jury trial for unlawful possession of an unregistered firearm, 26 U.S.C. § 5861(d), and was sentenced to three years imprisonment. Appellant argues that the trial judge erred in denying his motion to suppress, contending that the sawed-off shotgun that was introduced at trial was obtained by means of an unlawful search in violation of the Fourth Amendment. We affirm.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

On August 24, 1973, Texas Department of Public Safety Officer Bartlett stopped Appellant Marshall on Interstate Highway 20 for driving with a defective muffler. Marshall was unable to produce a driver's license, but identified himself to Bartlett during questioning at the scene. On learning Marshall's identity, Bartlett recalled some information about Marshall previously related to him by one Melton, whom Bartlett had known for four years. According to Officer Bartlett, on August 10 or 12, 1973, Melton told him that Marshall had that day jokingly pointed a sawed-off shotgun at Melton, and had then placed the gun under the front seat of his car. Bartlett also testified that before the car was stopped, he saw Marshall "doing something under the front seat." Because Bartlett and his fellow officer intended for Marshall to follow them in his own car to the office of the Justice of the Peace,[1] Bartlett decided to check under the front seat of Marshall's car. Although the gun was not in plain view, when Bartlett reached under the front seat, he found the gun exactly where Melton told him Marshall had placed it.

Appellant contends that this search does not fall within any of the recognized exceptions to the warrant requirement. He notes that the burden is on those seeking the exemption to show the need for it. Coolidge v. New Hampshire, 1971, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. It is well settled that a search incident to a lawful arrest is one exception to the Fourth Amendment warrant requirement. *E. g.,* Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. Appellant concedes that on the basis of the recent decisions in United States v. Robinson, 1973, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427, and Gustafson v. Florida, 1973, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456, search of his person and of the area within his immediate control was permissible, incident to the lawful custodial arrest, to preserve evidence or prevent flight, or for the personal protection of the arresting officers. Appellant argues, however, that because he had stepped out of the automobile prior to the search, the gun under the seat of the car could not have represented a danger, and the search therefore could not be justified as incident to the arrest.

We conclude, on the particular facts of this case, that the limited search under the front seat of the car was reasonable and justified as incident to a lawful arrest. First, the arrest was no mere pretext for the search. Second, Appellant was permitted to drive his own automobile to the Justice of the Peace office in accordance with customary and reasonable police procedures; absent a search, any weapons under the front seat of the car would have been within his immediate control. The record and briefs reveal no evidence or suggestion that the decision to have Appellant drive his own car was made in order to justify the search. Third, the information provided by Melton, coupled with Appellant's unusual movement prior to the stop, gave officers reason to suspect that Appellant might be concealing a gun under the front seat. Finally, the search was limited to a reach under the front seat and did not extend to the trunk or other areas of the car that would have been beyond Appellant's immediate control.

Affirmed.

---

1. This was the customary practice. Bartlett's testimony indicated that the Department of Public Safety considers it hazardous to leave an automobile unattended at the side of a major highway; it is apparently thought to be less offensive and intrusive to permit the subject to drive his own car than to have it towed or to have a highway patrolman drive it.